IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
OCT 2 2 2019
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| WORLDWIDE MACHINERY LTD. d/b/a WORLDWIDE MACHINERY PIPELINE DIVISION,<br><br>Plaintiff,<br><br>vs.<br><br>CHAZNLINE CONSTRUCTION, INC.,<br><br>Defendant. | Case No. CV 19-81-BLG-SPW<br><br>ORDER ENTERING DEFAULT JUDGMENT |

Before the Court is Plaintiff Worldwide Machinery Ltd.'s (Worldwide) motion for entry of default judgment. (Doc. 7.) For the following reasons, the Court grants Worldwide's motion and enters a default judgment in its favor against Defendant Chaznline Construction, Inc. (Chaznline).

I.  **Background**

Worldwide filed a complaint against Chaznline alleging breach of contract and account stated (Counts I and II), or in the alternative, unjust enrichment (Count III). (Doc. 1 at ¶¶ 16–31.) Worldwide is a Texas company with its principal place of business in Colorado. (*Id.* at ¶ 1.) Upon Worldwide's information and belief, Chaznline is a Montana corporation with its principal place of business in Sidney, Montana. (*Id.* at ¶ 2.)

1

Worldwide and Chaznline entered into a written rental contract (the "Contract") where Worldwide agreed to provide Chaznline a 2015 Superior SPD 160 Padding Machine (the "Machine"). (*Id.* at ¶ 5, 1-1.) The Contract required Chaznline to pay Worldwide $25,000 for each four-week period it rented the Machine. It also required Chaznline to pay: 1) any damage to the Machine while it was in use; 2) fuel surcharges in the event the Machine was not returned with a full tank of gas; 3) freight mobilization; 4) an interest charge of 1.5% per month added to any invoice more than 30 days overdue; and 5) reasonable attorneys' fees and expenses in the event Worldwide needed to initiate legal proceedings to collect unpaid amounts under the Contract. (*Id.* at ¶¶ 6–9, 1-1.)

Chaznline rented the Maching for six four-week periods, accruing $150,000 in rental charges. (Doc. 1 at ¶ 10, 1-1, 1-2.) While renting the Machine, Chaznline ordered replacement parts from Worldwide totalling $861.89. (Doc. 1 at ¶ 11, 1-2 at 9.) When Chaznline returned the Machine, the Machine did not have a full tank of gas, and Worldwide assed fuel charges of $137.50. (Doc. 1 at ¶ 12, 1-2 at 5.) Worldwide also charged Chaznline $1,249.02 for necessary repairs after the Machine's return. (Doc. 1 at ¶ 13, 1-2 at 7.) In total, Worldwide charged Chaznline $160,383.41. (Doc. 1 at ¶ 14.) Chaznline never objected to this amount. (*Id.* at ¶ 25.) Chaznline sent Worldwide a payment for $79,136.25, but it failed to pay the

remainder. (*Id.* at ¶ 15.) Worldwide therefore filed a complaint for the amount Chaznline still owed: $81,247.16. (*Id.* at ¶ 15.)

On September 8, 2019, Worldwide successfully served the complaint with a summons on Chaznline by delivering it to Chaznline's Vice President in Fairview, Montana. (Docs. 3, 8 at ¶¶ 5–6.) The summons advised Chaznline it had 21 days to respond and if it failed to do so, a judgment of default would be entered against it. (Doc. 2.) Chaznline failed to respond. On October 7, 2019, Worldwide filed a motion for entry of default (Doc. 4), the Clerk entered default against Chaznline (Doc. 6), and Worldwide then filed the instant motion for default judgment (Doc. 7). Worldwide states Chaznline now owes it $84,343.16 ($81,247.16 plus $2,631 in attorneys' fees and $465 in costs and disbursements). (Doc. 7 at ¶¶ 10–11.)

## II. Legal Standard

Upon entry of default, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987).

## III. Discussion

The Court's jurisdiction over this action is proper because there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Venue is proper in the Billings Division of the United States District Court

for the District of Montana since Chaznline's principal place of business is in Sidney, Montana. § 1391(b)(1).

Fed. R. Civ. P. 55(b)(2) governs applications to the Court for default judgment. The Court's decision whether to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making the determination, the Court considers the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986)).

Worldwide has demonstrated it is entitled to a default judgment in its favor. Chiefly, Chaznline has failed to appear at any point during the instant litigation. Under the first factor, that failure to appear prejudices Worldwide's "ability to pursue its claims on the merits and seek recovery of damages." *See ME2 Productions, Inc. v. Sanchez*, 2018 WL 1763514, at *1 (D. Nev. Apr. 12, 2018).

The second and third factors weigh in Worldwide's favor: the complaint sufficiently states claims for breach of contract and account stated (and unjust

enrichment in the alternative). According to the well-pleaded facts in Worldwide's complaint, it is clearly entitled to damages for its claims.

The fourth factor compares the amount at stake to the seriousness of the defendant's conduct. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). The amount at stake here is precisely proportional to Chaznline's conduct—Worldwide seeks only damages based on the parties' Contract and the invoices it sent Chaznline.

Fifth, the Court takes Worldwide's well-pleaded factual allegations as true, except those relating to damages. *See Video Sys., Inc. v. Heidenthal*, 826 F.2d at 918. Taking Worldwide's allegations as true, there is no possibility for a dispute of material fact as to whether Chaznline breached the parties' Contract, owes an amount under an account stated, or in the alternative, was unjustly enriched at Worldwide's expense. Worldwide has likewise provided sufficient documentation—including the parties' Contract, invoices it sent to Chaznline, and affidavits from Worldwide's counsel and its assistant credit manager—for the Court to determine Worldwide's damages.

Sixth, there is no indication that Chaznline's failure to appear was the result of excusable neglect. Worldwide properly served the complaint and summons on Chaznline, and Chaznline has failed to respond.

Finally, the Court must consider the policy favoring decisions on the merits. While public policy generally favors a disposition on the merits, default judgment is proper where a defendant fails to appear and defend a case. *See ME2 Productions, Inc.*, 2018 WL 1763514, at *3; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Chaznline's failure to appear simply precludes a decision on the merits. Accordingly, the Court finds each factor weighs in favor of granting default judgment in Worldwide's favor. The Court also finds Worldwide has shown it is entitled to the damages it requests.

**IT IS HEREBY ORDERED**

1. Worldwide's Motion for Entry of Default (Doc. 7) is **GRANTED**.

2. The Clerk of Court shall enter judgment in favor of Worldwide and against Chaznline in the following amounts:

    a. $81,247.16 for the Contract balance and interest due;

    b. $2,631.00 for attorneys' fees;

    c. $465.00 for costs;

    d. and, until the judgment is satisfied, any post-judgment interest to which Worldwide is entitled under law and pursuant to the parties' Contract.

DATED this 22nd day of October 2019.

_____
SUSAN P. WATTERS
United States District Judge